484

**IULER v SPEER, Admr.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3431. Decided Dec 8, 1941

Robert W. Hoffman, Columbus, for plaintiff-appellee.

Gumble & Gumble, Columbus, for defendant-appellant.

**OPINION**

BY THE COURT:

This matter is before this Court on a motion to dismiss the appeal filed by W. Ray Speer, Administrator of the estate of Michael Barry, appellant, from a judgment of the Probate Court of Franklin County, entered on the 19th day of September, 1941, against the appellant and in favor of Carl W. Iuler, plaintiff in said action, and appellee herein.

The transcript of the docket and journal entries is not as complete as might be wished in that it sets out only one entry of the Probate Court touching the matter in controversy.

We find from the transcript of the docket that on March 22, 1941, an inventory and appraisement of the real estate, valued at $1400.00 was filed and on the same day a schedule of the debts; and that on April 4th and April 7th entries were made ordering a hearing on the inventory and on the schedule of debts respectively. On April 9, 1941, exceptions to the inventory and to the schedule of debts were filed. On April 21 an entry approving the schedule and on April 22 an entry approving the inventory, each accompanied by proof of publication of notice, were filed. On May 28, there was an entry vacating the approval of the inventory and schedule of debts and ordering the hearing to be held on the 9th day of June. On June 16 an entry was filed setting aside the order of May 28, and on July 19 there was an entry continuing the hearing on the schedule of debts to August 11th. On July 22 the motion for new trial was filed and at a later date the hearings on the ex-

ception was continued until September 15th. On September 19th there was an entry overruling the motion for new trial and setting aside the orders approving the inventory and the schedule. This is the only entry appearing in the transcript and recites that "On September 19 the cause came on to be heard on the motion of Carl W. Iuler, a creditor, to vacate and set aside the orders entered on the 22nd of April, which motion was by the Court sustained," and the Court ordered that "the orders hereinbefore entered approving and confirming the schedule of debts and inventory filed herein be and the same hereby are vacated and set aside."

The entry also recites that the cause coming on to be heard upon the motion of Speer, the Administrator, for a new trial, the same was overruled. To this entry notice of appeal was given as hereinbefore stated.

The appellant for his assignments of error states that there was error in the record:

1. That the judgment was given for the appellee when it should have been given for the appellant.

2. The findings are contrary to law.

3. Contrary to the weight of the evidence.

4. That the Court erred in its findings and conclusions of law.

On November 6, 1941, the appellee filed in this Court a motion to dismiss the appeal for the reason that no final order has been entered from which an appeal may be taken. It is asserted in support of such motion that the entry of September 19th wherein it was ordered that the orders formerly entered approving and confirming the schedule be vacated and set aside, is not a final order from which an appeal may be taken under the provisions of §12223-3 GC. Sec. 12223-2 GC, defines a final order and its provisions are too well known to need repetition. The judgment was vacated during the same term in which the original judgment was rendered, and it is asserted that the trial Court had jurisdiction over its entries during term time, and that the entry vacating the judgment was neither a judgment nor a final order and did not effect any substantial rights and was merely an order vacating two orders which had in fact been made through a clerical error.

The trouble seems to have arisen from failure of the Court to give timely notice of the hearing on the inventory as provided by §10509-59, and failure to comply with §10509-119, providing for notice of hearing on the schedule of debts. In the latter section it is provided that when exceptions are filed notice of filing thereof must be given as therein provided. While we have ventured our judgment as to what was the claimed irregularity of the court, we may not be certain of this because as stated before there is only one entry, that of September 19, 1941, which is presented.

It has been so often held that the overruling of a motion for a new trial is not a final order that the law on this point need not again be stated. The question, however, still remains as to whether that portion of the entry of September 19 sustaining the motion that the former orders be set aside and vacated is a final order.

Without arguing the matter further, we are of the opinion that the action of the Court as disclosed on September 19 is not a final order, and that an appeal to this Court would not lie.

Hornbeck & Adams, Appellate Practice, Sec. 130 and case cited.

However, it is asserted by the appellant that the rule that a motion for a new trial is not such a final order as to support an appeal is modified when it may be made to appear that the Court in rendering the judgment appealed from abused his judicial discretion. We have frequently passed upon this question and we detect nothing in this record that indicates that the Court abused its discretion in sustaining the motion to vacate the former orders of the Court approving the inventory and the schedule of debts. As far as the record discloses the Court exercised a right reposed in it to correct its records by setting aside within term time an order inadvertently en-

tered on account of failure to give proper notice.

Motion to dismiss the appeal sustained.

GEIGER, PJ., HORNBECK & BARNES, JJ., concur.

### APPLICATION FOR REHEARING

No 3431. Decided Jan 6, 1942

BY THE COURT:

This matter is again before the Court upon an application for rehearing.

The complaint is made that this Court has assumed that it was the duty of the Probate Court to give notice and that the statute does not impose this burden and that under the statute notice should be given by the party attempting to perfect the exceptions.

It is also claimed that the appellee did not give notice as to the time of the hearing as required by the statute and that this was not an inadvertence by the Court but a failure on the part of the exceptor to perfect his exceptions.

We have reread the opinion by the Court given under date of December 8th, 1941. The Court there details the proceedings that were had in the Court below. On September 19th, the Court below made an entry reciting that the matter came on for hearing on the motion to vacate the order of the 22nd of April, which entry was one approving the inventory. The entry of September 19th set aside the order of April 22nd. From this order an appeal was taken. The Court in its former opinion held that the entry of September 19th was not a final order and that an appeal would not lie. The matter is still within the jurisdiction of the Probate Court. It is of no consequence as to why the Court set aside its order of approval, whether on account of failure of the Court or of the parties in giving the proper notice.

We have considered counsel's application for rehearing on this matter and adhere to our former opinion. Application for rehearing denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.